# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAYLIN STEWART,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No:** |
| | ) |
| **RM TRANSPORTATION, Inc.,** | ) |
| **ARREGUIN PAREDES** | ) |
| **LONZALO,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Comes now the Plaintiff, Jaylin Stewart, and brings this civil action to recover damages against the above-named Defendants. For his causes of action, Plaintiff would show unto the Court the following, to wit:

## THE PARTIES

1. Plaintiff, Jaylin Stewart, ("Plaintiff"), is over the age of nineteen years and is a resident citizen of St. Clair County, Alabama.

2. Upon information and belief, Defendant Arreguin Paredes Lonzalo ("Lonzalo"), is over the age of nineteen years and is a resident of Fairfax County, Virginia. At all times material hereto, Lonzalo was working as the agent and/or

employee of RM Transportation, Inc. and operating under RM Transportation Inc's authority and/or control.

3. Upon information and belief, Defendant RM Transportation, Inc. ("RM Transportation") is a Maryland corporation with its principal place of business in Montgomery County, Maryland. RM Transportation was doing business in the State of Alabama at all times material hereto.

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of the State of Alabama. Upon information and belief, Defendant RM Transportation, Inc. is a foreign corporation incorporated under the laws of the State of Maryland with its principal place of business in the State of Maryland. Upon information and belief, Defendant Lonzalo is a citizen of the State of Virginia. Therefore, complete diversity exists as required by 28 U.S.C. § 1332.

5. Further, the amount in controversy, without interest and costs, exceeds the jurisdictional amount specified by 28 U.S.C. § 1332.

6. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to this civil action occurred in the Northern District of Alabama.

## STATEMENT OF THE FACTS

7. Plaintiff reavers and realleges the allegations of the previous paragraphs as if fully incorporated.

8. On or about June 23, 2021, Plaintiff was traveling in the righthand lane of Skyland Boulevard East where it intersects the I-20/59 exit ramp.

9. At approximately the same time, Lonzalo was operating a 2007 Freightliner commercial vehicle. Lonzalo exited I-20/59 at Skyland Boulevard and was attempting to enter Skyland Boulevard East.

10. Lonzalo proceeded across the righthand travel lane of Skyland Boulevard East into the lefthand lane, struck Plaintiff's vehicle, and drove him into the ditch.

11. At all times material hereto, Lonzalo was working as an employee and/or agent driver of RM Transportation and was acting within the line and scope of his employment as a driver for RM Transportation.

## COUNT ONE – NEGLIGENCE OF LONZALO

12. Plaintiff reavers and realleges the preceding allegations as if fully set forth herein.

13. Lonzalo was negligent by failing to yield the right of way, colliding with Plaintiff's vehicle, failing to keep a proper lookout, failing to keep control of

his vehicle, failing to exercise due care, and failing to act in a reasonable and prudent manner in the operation of his vehicle.

14. As a proximate cause of Lonzalo's negligence, Plaintiff was severely injured and damaged.

WHEREFORE, Plaintiff demands judgment against Lonzalo for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT TWO – WANTONNESS OF LONZALO

15. Plaintiff reavers and realleges the preceding allegations as if fully set forth herein.

16. Lonzalo was wanton and acted with a conscious or reckless disregard for the rights and safety of the Plaintiff by failing to yield the right of way, colliding with Plaintiff's vehicle, failing to exercise due care, failing to keep a proper lookout, failing to maintain control of his vehicle, and failing to act reasonably.

17. Lonzalo knew or should have known that failing to yield the right of way and maintain control of his commercial vehicle constituted reckless disregard for the rights and safety of others and his actions would likely cause injuries.

18. As a proximate cause of Lonzalo's wantonness, Plaintiff was severely injured and damaged.

WHEREFORE, Plaintiff demands judgment against Lonzalo for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT THREE- NEGLIGENCE OF RM TRANSPORTATION

19. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

20. At all times material hereto and upon information and belief, Lonzalo was operating a commercial vehicle within the line and scope of his employment with RM Transportation.

21. Lonzalo was negligent by failing to yield the right of way, colliding with Plaintiff's vehicle, failing to keep a proper lookout, failing to keep control of his vehicle, failing to exercise due care, and failing to act in a reasonable and prudent manner in the operation of his vehicle.

22. As a result of his negligence, Lonzalo collided with Plaintiff's vehicle and injured Plaintiff.

23. At all times material hereto, and upon information and belief, Lonzalo was on a mission for RM Transportation and was acting as an employee and/or agent for RM Transportation.

24. The conduct of Lonzalo, as described herein, was negligent and renders RM Transportation vicariously liable to Plaintiff under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendant RM Transportation for compensatory and punitive damages in an amount that is mete, just, and proper.

## COUNT FOUR-WANTONNESS OF RM TRANSPORTATION

25. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

26. At all times relevant hereto and upon information and belief, Lonzalo was operating a commercial vehicle within the line and scope of his employment with RM Transportation.

27. Lonzalo was reckless and/or wanton by failing to yield the right of way, colliding with Plaintiff's vehicle, failing to keep a proper lookout, failing to keep control of his vehicle, failing to exercise due care, and failing to act in a reasonable and prudent manner in the operation of his vehicle.

28. As a result of his reckless and/or wanton actions, Lonzalo collided with Plaintiff's vehicle and injured Plaintiff.

29. The conduct of Lonzalo, as described herein, was reckless and/or wanton and renders RM Transportation vicariously liable to Plaintiff under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against Defendant RM Transportation for compensatory and punitive damages in an amount that is mete, just, and proper.

## COUNT FIVE -NEGLIGENT HIRING

30. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

31. Plaintiff avers that RM Transportation was negligent in hiring Lonzalo.

32. Plaintiff avers that RM Transportation utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Lonzalo.

33. Therefore, RM Transportation allowed or caused Lonzalo to operate a commercial vehicle in violation of federal and state laws.

34. Plaintiff further avers that the conduct of RM Transportation and Lonzalo combined and concurred to cause Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages in an amount that would be mete, just, and proper under the circumstances and under the laws of the State of Alabama.

## COUNT SIX -NEGLIGENT TRAINING

35. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

36. Plaintiff avers that RM Transportation was negligent in its training of Lonzalo.

37. Plaintiff avers that RM Transportation utilized inadequate training methods prior to allowing Lonzalo to operate a commercial vehicle as RM Transportation's agent and/or employee.

38. Therefore, RM Transportation allowed or caused Lonzalo to operate a commercial vehicle in violation of federal and state laws.

39. Plaintiff avers that the conduct of RM Transportation and Lonzalo combined and concurred to cause Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants, for damages in an amount that would be mete, just, and proper under the circumstances and under the laws of the State of Alabama.

## COUNT FIVE - NEGLIGENT SUPERVISION

40. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

41. Plaintiff avers that RM Transportation was negligent in its supervision of Lonzalo.

42. Plaintiff avers that after employing Lonzalo, RM Transportation did not implement proper policies and procedures to supervise Lonzolo and/or violated the policies in place to supervise Lonzalo.

43. Therefore, RM Transportation allowed or caused Lonzalo to operate a truck in violation of federal and state laws.

44. Plaintiff avers that the conduct of RM Transportation and Lonzalo combined and concurred to cause Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants, for damages in an amount that would be mete, just, and proper under the circumstances and under the laws of the State of Alabama.

## AD DAMNUM CLAUSE

45. Plaintiff reavers and realleges the preceding allegations as if fully set out herein.

46. Plaintiff alleges that the conduct of RM Transportation and Lonzalo, as described herein, combined and concurred to cause Plaintiff's injuries.

WHEREFORE, Plaintiff brings this Complaint to recover damages from the above-named Defendants, and demands judgment against each Defendant, separately and severally, in an amount to be determined that is mete, just, and proper, together with interest thereon at the legal rate, with costs.

Done this the 13th day of October 2022.

/s/ Jeremy Knowles
Jeremy Knowles (ASB-3065-W86J)
Luke M. Trammell (ASB-3296-J13B)
*Attorneys for Plaintiff*

**OF COUNSEL:**
**MORRIS HAYNES, Attorneys at Law**
3500 Blue Lake Drive, Suite 200
Birmingham, Alabama 35243
Phone: (205) 324-4008
Fax: (205) 324-0803
Email: jknowles@mhhlaw.net
ltrammell@mhhlaw.net

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

RM Transportation, Inc.
Yanci Diaz Registered Agent
9608 Shadow Oak Drive
Montgomery Village, Maryland 20886

Arreguin Parades Lonzalo
14779 Basingstroke Loop
Centerville, Virginia 20120